ORFINGER, Judge.
Appellant, the defendant below, appeals from a final judgment awarding $60,000 in compensatory damages and $5,000 in punitive damages plus prejudgment interest and costs to appellees, his daughters, for his alleged mismanagement as trustee of separate but identical trusts. Because the verdict of the jury on which the judgment is based is contrary to the manifest weight of the evidence, we reverse.
There is very little, if any, dispute as to the facts. The plaintiffs Barbara I. Bartelt and Wendy J. Bartelt are adult beneficiaries under separate but identical trusts established in 1965. Although the settlor and initial trustee of the trusts was the plaintiffs’ grandfather, the trusts were principally funded by gifts from the defendant and his then wife, mother of the plaintiffs, for estate tax purposes.[1] Each trust was given two shares (20%) of the stock of Wen Bar Corporation, a holding company in which plaintiffs’ mother was the record owner of the remaining 60%. The corporation bought and sold various parcels of property, and the trusts apparently realized their proportionate share of the proceeds of each such sale.
Among the properties owned by Wen Bar was a large tract of land in Polk County, Florida, 100 acres of which had been developed into a campground. As land values began to escalate, defendant and his wife *908 were advised to transfer the corporate holdings to a partnership for better tax treatment, so the Bar Bar Wen partnership was formed, into which the assets of the corporation, including the campground, were transferred. As they did in the corporation, each trust owned a 20% interest in the partnership. In 1976, defendant became the trustee of the trusts and loaned to the partnership, for use in operating the campground, $42,000 from Wendy’s trust and $18,000 from Barbara’s trust. Two years after making these loans, the campground was sold at a great profit for a total of $480,000. Appellees contended at trial that no part of these loans were repaid.
The defendant transferred to each trust 20% of the cash and a 20% interest in the purchase money mortgage accruing from said sale. Appellant contends that because there was a large profit, this distribution more than repays the loans, but this contention is clearly erroneous as the trusts were entitled to a combined 40% of the net sales price by virtue of their ownership of that proportion in the partnership, in addition to the obligation of the partnership to repay the loans. To properly calculate the distribution of the sales proceeds, from the gross sales price of $480,000 there should first have been deducted the $60,000 which was required to be repaid to the trusts, leaving a gross distributable sum of $420,000. After deducting expenses of the sale, 40% of the net remainder should have been distributed equally to the trusts, plus any balance of the loans still unpaid,[2] in the proportions advanced by each trust. We therefore vacate the award of $60,000 and the prejudgment interest thereon.
We have also examined and reject appel-lees’ contention that the judgment as rendered can be supported by the inclusion of damages arising out of the acquisition and conveyance of a lot known as the “Keys” property. Appellees concede that the most likely basis for the jury award was the unpaid loans, and as we have indicated, the award was excessive. The record does not support a claim that the trustee was acting outside the scope of his trust powers as regards that property. Loans were made on this property out of the trust and were repaid in full, with interest.
We also vacate the award of punitive damages against appellant because the evidence does not support it. The jury specifically found that appellant committed no fraudulent act in the conduct of the affairs of the trust, and there is no evidence in the record to suggest that appellant’s conduct of the affairs of the trust rose to the egregious level required to support an award of punitive damages. See White Construction Company v. Dupont, 455 So.2d 1026 (Fla.1984).
The judgment is reversed and the cause is remanded with instructions to enter judgment for appellees in a principal amount which does not exceed $36,000 (the exact amount to be determined after deduction of the actual sales expenses which have not previously been paid by the parties) together with pre-judgment interest to be calculated on said sums from the time the respective loans were made, and together with costs. The Wendy J. Bartelt Trust is entitled to a 42/60 (70%) portion of such ultimate award and the Barbara I. Bartelt Trust is entitled to 18/60 (30%) portion of such award.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.

. Each trust instrument gives the trustee very broad powers, and provides, inter alia, that the trustee need not obtain court approval or authority in the exercise of any power conferred therein, nor make reports or accountings to any court; that in addition to all powers conferred by law, the trustee shall have full power of sale of any asset at public or private sale and may become a purchaser thereof without complying with any statutory formalities; that he may execute and deliver conveyances of property without court approval and generally, that he may "exercise for the benefit of any trust created hereunder, all rights, powers and privileges which might or could be exercised by one owning such property absolutely and in his own right.”

. By way of example, and for the purposes of this example, not taking into account taxes, fees or other expenses of the sale which must be included to arrive at a precise determination of the amounts still owed the trusts, after deducting the $60,000 loan from the net gross sale price, there remains $420,000 for distribution. Forty percent of this sum equals $168,000 as the share due the trusts, to which is added the $60,000 in loans, resulting in a total due the trusts of $228,000. By way of cash and mortgage share, appellant has distributed only 40% of the gross amount of $480,000, or $192,000, leaving a shortage which does not exceed $36,-000 and which will be actually lesser in amount when sales expenses, taxes and fees are deducted.